MAHOE *vs.* PUKA AND J. N. PAIKULI.

#### ON EXCEPTIONS.

WRITTEN AGREEMENTS made by parties owning land in common, in regard to the management of their property, should be enforced by the Courts as far as possible.

A by-law was made by tenants-in-common that special meetings of their number could be held, provided the luna or manager was asked;

HELD, to mean that a special meeting for the transaction of business could be called by a majority of the members, in case the luna had been asked to do so and had refused.

Opinion of the Court by JUDD, C. J.

The land of Waikane in Koolaupoko, Oahu, is owned by a number of Hawaiians who have associated themselves as a hui or partnership under a constitution. By the constitution it appears that the business of the association is to be transacted by a Luna (or Superintendent) and a Secretary who are to be elected by the members, but the constitution does not prescribe the length of the term of office, nor that a majority or plurality or any other proportion of votes is necessary to elect.

The plaintiff in this action claims to have been elected Luna at a meeting of the members and that thereby the old officers who are defendants were displaced from office. He brings this action to recover the books of the hui and the cash in hand, and the jury found a verdict in his favor.

The following points are raised by the exceptions:

1.   That the Court erred in instructing the jury that the 7th By-law of the hui which provides for special meetings did not prevent special meetings being called by a majority of the hui.

2.   That the Court erred in refusing to charge that under the said By-Law 7 no private member of the hui could call a legal meeting of the hui.

3.   That the Court erred in refusing to charge that a majority of the members of the hui could not under the By-law of the hui call a meeting unless it was shown that the Luna of the hui had been requested to call a meeting and had refused, according to Section 7.

The Court charged that the hui was properly controlled by the majority or those representing them, and that if the jury found the plaintiff was the constituted officer by such majority they should find for the plaintiff.

By-law 7 we translate as follows: " There shall be quarterly meetings of this association.   The Luna shall make a report to the association of the numoers of persons renting the land by leases, and of the money received by him.   But the first part of this article shall not apply if there shall be an emergency in reference to the hui or a member of it, provided the Luna is asked."

We are of opinion that where parties owning land enter into written agreements as to the management of their property, whether these take the form of articles of copartnership or of a constitution and by-laws, as in this case, these should be upheld and enforced by the Courts as far as is possible to do so.   If these agreements are found to work disadvantageously, they can be amended, and if they should be found to be oppressive or subversive of the right of the minority, the Courts would relieve them.

In the case before us, the 7th By-law requires that in cases of emergency (pilikia) special meetings may be called, but as we understand it, the Luna must be asked to call the meet-

ing. In case of his refusal to do so, then the way would be open for any member of the hui to call the members together. It is possible that a request was made to the former Luna (the defendant Puka) to call the special meeting at which the majority of the hui ousted him from office. The evidence in the case is not sent up with the bill of exceptions, and we have no certain means of ascertaining this fact. It seems to us, however, that the learned Justice who presided at the trial should have charged as requested by the defendants' counsel in his third prayer for instructions and for this reason a new trial is ordered.

R. F. Bickerton for plaintiff.
S. B. Dole for defendants.
Honolulu, May 30, 1882.